UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-13-FDW

| | |
|---|---|
| TERRELL WEBSTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU MITCHELL, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e) and 1915A. Also pending before the Court is Plaintiff's Motion for Preliminary Injunction, (Doc. No. 5), and his Motion to Appoint Counsel, (Doc. No. 7). On January 16, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

**I. BACKGROUND**

Pro se Plaintiff Terrell Webster, a North Carolina prisoner currently incarcerated at Lanesboro Correctional Institution, filed this action on January 12, 2015, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution based on alleged excessive force. In his Complaint, Plaintiff names as Defendants (1) FNU Mitchell, identified as the Superintendent of Lanesboro; (2) FNU Martinez, identified as a correctional officer at Lanesboro, and (3) FNU Riley, identified as a correctional officer at Lanesboro.

1

The following allegations by Plaintiff are taken as true for the purpose of this initial review:

> On August 5, 2014, Defendants Martinez and Defendant Riley entered Moore Unit E-Block and told Plaintiff Webster to cuff up so he could be escorted to the segregation unit (Richmond unit) to do his disciplinary time. Plaintiff cuffed up that's when Defendant Riley pushed plaintiff down the [illegible] with force. Plaintiff attempted to ask why he was pushed when he was picked up and slammed to the floor by defendant Riley. Defendant Martinez pushed his knee into plaintiff's neck the whole time officers were telling him (Defendant Martinez) to stop to no avail. Defendant Martinez punched plaintiff in the eye with handcuffs on hand splitting plaintiff's eye, the plaintiff was still in cuff[s] behind his back, defendants carried plaintiff downstairs outside the block that's when plaintiff was once again lifted into the air and [illegible] onto his neck which in the process could've been broken, other officers were still yelling for both defendants to stop assaulting plaintiff again to no avail. Plaintiff was brought to max-con/I-con unit (Anson unit) to be housed, he was later taken to outside medical for injured neck, he was [brought] back and placed in full point restraints for 2 days without any property or bed linen.

(Doc. No. 1 at 3-4). Plaintiff alleges that "Defendants Martinez and Riley used excessive force against [Plaintiff] by slamming him while in cuffs and repeatedly beating and punching [him] in the face and head with cuffs. Plaintiff was not violating any prison rules and was not acting disruptively. Defendant Martinez's and Riley's actions violated [Plaintiff's] rights under the 8th amendment to the United States constitution, and caused [Plaintiff] plain, suffering, physical injury, and emotional distress." (Id. at 5). Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. (Id. at 6).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint,

or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct.

3

1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

The Court finds that Plaintiff's Eighth Amendment excessive force claim against Defendants Riley and Martinez survives initial review in that it is not clearly frivolous. As to Defendant Mitchell, Plaintiff's claim against Defendant Mitchell will be dismissed because Plaintiff does not allege any personal participation by Defendant Mitchell as to the excessive force allegations. Plaintiff's claim against Defendant Mitchell is solely based on Mitchell's supervisory role as the Superintendent at Lanesboro, and it is well settled that respondeat superior is not applicable in Section 1983 actions. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Thus, Defendant Mitchell cannot be held liable based merely on his position as a supervisor.

Next, as to Plaintiff's motion for a preliminary injunction, Plaintiff seeks an order from this Court requiring "defendants, their successors, agents, employers, and all persons acting in concert with them to abolish the cruel and unusual punishment that the plaintiff went [through] and provide plaintiff and other inmates with a safe environment." (Doc. No. 5 at 2). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits;

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009). The Court has carefully considered the above four factors and finds that a preliminary injunction is not warranted at this time. Most significantly, Plaintiff has not provided facts supporting his conclusory allegation that he continues to suffer from the threat of imminent harm. Moreover, Defendants and all other employees at the prison are already under a duty not to violate the constitutional rights of the inmates at Lanesboro. Thus, Plaintiff has not shown that granting his motion would advance the public interest, given that there is already an ongoing, general duty for Lanesboro employees not to violate prisoners' constitutional rights. In sum, Plaintiff's motion for a preliminary injunction is denied.

Finally, as to Plaintiff's motion to appoint counsel, Plaintiff contends that his imprisonment will greatly limit his ability to litigate, the issues involved are complex, and he has limited access to the law library and limited knowledge of the law. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A as to Defendants Riley and Martinez, but Plaintiff's claim against Defendant Mitchell is

dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review as to Defendants Riley and Martinez. Plaintiff's claim against Defendant Mitchell is dismissed.

2. Plaintiff's Motion for a Preliminary Injunction, (Doc. No. 5), is **DENIED**.

3. Plaintiff's Motion to Appoint Counsel, (Doc. No. 7), is **DENIED**.

4. The Clerk shall send Plaintiff summons forms to fill out and return to the Court so that service may be made on Defendants Riley and Martinez. Once the Court receives the summons forms from Plaintiff, the Court will provide the forms to the U.S. Marshal for service on these Defendants.

Frank D. Whitney
Chief United States District Judge